### EX PARTE W. T. OTT.

No. 8722.          Delivered May 20, 1925.

Rehearing denied October 7, 1925.

1.—Habeas Corpus—City Ordinance—Held Constitutional.

The relator herein by original Habeas Corpus attacks the validity of an ordinance of the city of Houston prohibiting the operated of automobiles on the streets of Houston in the jitney service.

2.—Same—Continued.

It has been uniformly held by the higher courts of this, and other states that a city has a right to prohibit the use of its streets for private business purposes. Many of the points relied upon in the instant case have been decided adverse to the contention of relator. The points raised in this case,

having been settled against his contention, relator is hereby recommitted to the custody of the sheriff of Harris county. Following Ex Parte Polite 97 Tex. Crim. Rep., 320; A. C. Davis, et al., v. City of Houston delivered May 1st 1924.

ON REHEARING.

3.—Same—Effect of Ordinance.

The effect of the ordinance in question is clearly to inhibit the operation of any trackless vehicle advertised or held out in any manner as one run or operated for the carriage of passengers for hire. This we deem within the power of the city authorities to regulate by an ordinance, such as the one before us.

Original Habeas Corpus, in Court of Criminal Appeals, attacking the validity of an ordinance of the City of Houston prohibiting jitney service in said city.

*K. C. Barkley, Taliafero, Epstein & Stanfield,* for appellant.

*Tom Branch, Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The relator was convicted in the county court at law No. 2 of Harris county for driving and operating an automobile in the "jitney service, for transporting passengers in the city of Houston in violation of the ordinances of said city," and his punishment assessed at a fine of $25.00.

He is in this court on Habeas Corpus proceedings, attacking the constitutionality of said ordinances, and the validity thereof in other ways.

We are of the opinion that the city authorities of Houston were within their power in passing the ordinances under which Relator was convicted and that such exercise of said powers were not unreasonable and that same are not in violation of the constitution of this state, nor the Federal Constitution. It has been uniformly held by the higher courts of this and other states that a city has the right to prohibit the use of its streets for private business purposes. It appears that when this case is analyzed it practically reaches that point where Relator contends that the city is interfering with his use of the streets to operate his automobile for hire. Many of the points relied upon in the instant case by Relator have been decided against him; in the case of Ex Parte Ed Polite, 97 Tex. Cr. Rep., 320, and the authorities there cited. We also think in the case of A. C. Davis et al., v. City of Houston, by Chief Justice Pleasants, delivered May 1st, 1924, construing the ordinances of the city of Houston, is the law of this case and which is against the contention of the Relator herein. The points raised in this case, having been settled in an opinion

against the contentions of the Relator in, the cases supra, and cases therein cited it is not necessary to write an extended opinion herein. For the reasons above mentioned, the contentions raised by the Relator are overruled and he is hereby re-committed to the custody of the sheriff of Harris County.

*Reversed and Remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING

LATTIMORE, JUDGE.—We find nothing in the motion for rehearing which causes us to change our conclusion as set out in the original opinion. The argument that if the attorney for relator should carry a person from his home to his office and accept compensation, he could be prosecuted for a violation of the jitney ordinance under consideration, finds no support in the record. Clear inhibition of the ordinance is against the operation of !any trackless vehicle advertised or held out in any manner as one ran or operated for the carriage of passengers for hire. This plainly indicates that the ordinance is intended to prevent the business, the avowed or real purpose of the operation of the car. This we deem within the power of the city authorities to regulate by an ordinance such as the one before us.

The motion for rehearing will be overruled.

*Overruled.*